HUFFMAN *v.* THOMPSON.

Opinion delivered June 19, 1897.

EXEMPTION—SUFFICIENCY OF SCHEDULE.—A schedule of exemption of personal property which alleges that the debt sued upon is a "debt not due upon contract" sufficiently alleges that such debt is by contract.

Appeal from Logan Circuit Court.

JEPHTHA H. EVANS, Judge.

Thompson sued Huffman upon a note not due, and procured an attachment to be issued, which was levied upon property of defendant. Judgment was taken by default. Subsequently defendant filed a schedule claiming the property exempt, alleging "that the attachment is for debt not due upon contract." The circuit court disallowed the exemption sought, upon the ground that the schedule failed to show that the attachment was for a debt by contract. Defendant has appealed.

*R. B. Wilson,* for appellant.

The debt was *upon contract,* and was not disputed. The affidavit is regular, and shows everything required by the statute. Its language may not be grammatical, but the courts will supply punctuation marks to ascertain the true meaning. 11 Am. & Eng. Enc. Law, p. 522, note 5. Exemption laws are construed liberally. 38 Ark. 113; 31 *id.* 652; 61 Ill. 449; 32 Wis. 387. It clearly appears that the debt was one due by contract.

BUNN, C. J. The court erred in holding the language of the affidavit to the schedule insufficient in that it failed to state that the debt sued for was by contract. We think it could mean nothing else. For this error the judgment is reversed, and the cause remanded for further proceedings to ascertain from the facts whether or not the defendant is entitled to his exemptions.